UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GAYLON TESLAA d/b/a ALPEN PET
HOSPITAL, et al.,

          Plaintiffs,

v.

VEREUCK PROPERTIES LLC, et al.,

          Defendants.
-----------------------------------------------------------x

**ORDER**

25-CV-06991 (PMH)

PHILIP M. HALPERN, United States District Judge:

    On August 25, 2025, plaintiffs Gaylon Teslaa d/b/a Alpen Pet Hospital, Ephraim-Nation, SMT Restore Revocable Living Trust, GJT Revocable Living Trust, and Better Medicine Naturally Foundation commenced the instant action against defendants the Bar Association of California, County of Mono, Matthew Lehman, Mono County Superior Court, Gian Carlo Simonetti, State of California, Town of Mammoth Lakes, Vereuck Properties LLC, and Frederick Gillet Wood. (Doc. 1, "Compl."). Plaintiffs purport to allege claims under 42 U.S.C. §§ 1983, 1985, 1986 for violations for the First, Fifth, and Fourteenth Amendments.

    Plaintiffs allege that the "central events stem from the wrongful eviction" of the Alpen Pet Hospital, which entity is owned by the Better Medicine Naturally Foundation and operated by Gaylon Teslaa. Although not a model of clarity, the Complaint appears to allege that the Alpen Pet Hospital is located in Mono County, California. It further appears that all defendants are located in California, and that there have already been state-court proceedings in California about the underlying events. According to the Civil Cover Sheet, plaintiff Gaylon Teslaa d/b/a Alpen Pet Hospital lists an address in New Rochelle, New York. (Doc. 2).

    The relevant venue provision for a Section 1983 action is 28 U.S.C. § 1391(b), which provides as follows:

> A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a district court may *sua sponte* transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. *See* 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996). "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01-CV-09939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations and citations omitted).

When considering whether to transfer *sua sponte*, courts follow the same traditional analysis used when a party moves for a change of venue. *See, e.g., Flaherty*, 2002 WL 1891212, at *1-2; *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994). Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 WL 1891212, at *1.

Here, assuming federal jurisdiction exists in this case and that Plaintiffs' claims are not frivolous, this action "might have been brought" in the United States District Court for the Eastern District of California because the alleged violations occurred in Mono County, which is located in the Eastern District of California. *See* 28 U.S.C. § 84(b); 28 U.S.C. § 1391(b). Moreover, it appears that the events giving rise to Plaintiffs' claims occurred in Mono County, California. The only apparent basis for filing suit in this District appears to be the address listed for one of the plaintiffs in this case, which is not a statutory factor.

Based upon the foregoing, the Court finds that venue of Plaintiffs' action is not proper in this District. *See* 28 U.S.C. § 1391(b). Plaintiffs have not alleged that any of the defendants reside in the Southern District of New York and none of the events underlying the Complaint took place in this District. (*See* Compl.). The Court further determines that it is in the interest of justice that this action be transferred to the Eastern District of California. *See* 28 U.S.C. § 1406(a)..[1]

Accordingly, transfer of this action to the Eastern District of California is warranted. The Clerk of the Court is respectfully directed to transfer this action to the United States District Court, Eastern District of California, and close this case.

SO ORDERED:

Dated: White Plains, New York
       September 3, 2025

_____
Philip M. Halpern
United States District Judge

---

[1] The Court makes no ruling as to the merits of Plaintiffs' claims but does note that it is difficult to piece together any coherent allegations from the pleading in this case. The 500-page document is replete with references to piracy, slavery, and financial instruments, but lacks coherent factual allegations of the substance of the claims. Further, the Court notes that there are several entities listed as plaintiffs, and an artificial entity may only appear in federal court through a licensed attorney; it may not appear *pro se*. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22–23 (2d Cir. 1983).